IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


ARON J. AUSTIN                                                         PLAINTIFF

V.                                          CIVIL ACTION NO. 3:15-CV-177-SA-SAA

JILL CARWYLE, et al.                                                  DEFENDANTS

MEMORANDUM OPINION

Plaintiff filed his Complaint [1] in this Court on October 14, 2015 against various members of the Lafayette County Mississippi Justice Court, Lafayette County, Mississippi, and the City of Oxford, Mississippi. Before the Court is the Defendant City of Oxford's Motion to Dismiss for failure to state a claim, or in the alternative for summary judgment [4]. The Plaintiff responded [17], and the City replied [21] making this motion ripe for review.

On July 24, 2015, Plaintiff received a speeding ticket in Lafayette County. In an attempt to pay the fine associated with his speeding ticket, the Plaintiff mailed a personal check to the Lafayette County Justice Court. The Justice Court responded, informing the Plaintiff that it does not accept personal checks from out-of-state defendants. Plaintiff is a resident of Tennessee. Plaintiff then directed his bank issue a check to the Justice Court for $100.00. The Justice Court again refused Plaintiff's payment and informed him that it does not accept partial payments. The Justice Court then mailed Plaintiff a notice dated September 16, 2015 stating that his driving license and privileges would be suspended if he did not pay the full amount due ($196.00), within ten days.

In his complaint, the Plaintiff alleges constitutional and civil rights violations and demands injunctive and monetary relief. Specifically, the Plaintiff alleges that the Defendants discriminated against him because he is from Tennessee, he is African-American, and because he

is disabled. According to the Plaintiff, he suffers from Darlin disease, and cannot be exposed to sunlight or florescent lights. The Plaintiff further alleges that the Defendants subjected him to deprivation of rights and privileges secured by the constitution under color of state law by refusing his personal check and partial payment, and engaged in extortion against him.

The sole question before the Court at this time is whether the Plaintiff has articulated a plausible claim for relief against the City of Oxford.[1]

*12(b)(6) Standard*

Bearing in mind the *pro se* status of the Plaintiff, and that the complaint should be construed liberally in his favor, the Court will apply the following standard in assessing the plausibility of the Plaintiff's stated claims against the City. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010). "Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' FED. R. CIV. P. 8(a)(2); they

---

[1] The Court notes that because it is clear on the face of the complaint and the attached documents that the Plaintiff has failed to allege a plausible claim against the City of Oxford, it is unnecessary to construe the instant motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d).

do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014). While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Whether a plaintiff has stated a plausible claim for relief is "context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663, 129 S. Ct. 1937.

## Discussion and Analysis

The City's primary argument in favor of dismissal is that it had no involvement with either the traffic ticket or the Justice Court actions alleged in this case.

A careful review of the Plaintiff's pleadings does not reveal a single factual allegation implicating the City. As stated above, while a plaintiff's complaint "does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions . . ." *Sullivan*, 600 F.3d at 546 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955) (emphasis added).

The Plaintiff does not bring forth *any* specific facts to support his argument. Notably, the Plaintiff does not allege any action by any employee, agent, or representative of the City.[2] "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time

---

[2] In his response to the instant motion, the Plaintiff alleges that the policymakers for Lafayette County and the City of Oxford are one and the same. This bare assertion is unsupported by any factual allegations. A claim has facial plausibility when the plaintiffs plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955 (citing *Iqbal*, 556 U.S.at 678, 129 S. Ct. 1937).

and money by the parties and the court.' " *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Twombly,* 550 U.S. at 557, 127 S. Ct. 1955).

For these reasons, Defendant the City of Oxford's Motion to Dismiss [4] is GRANTED. Plaintiff shall have 14 days from the issuance of this Opinion to move for leave to amend his complaint to cure the pleading deficiencies outlined above. If the Plaintiff fails to respond in the time allowed, or fails to adequately amend his complaint, his claims against the City of Oxford may be dismissed pursuant to Federal Rule of Civil Procedure 41.

**SO ORDERED this the 19th day of April, 2016.**

 **/s/  Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**